COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



## ORDER OF CONTINUING ABATEMENT

Style:                       Argelio R. Villarreal Saldana v. Victoria Lynn Villarreal

Appellate case number:     01-19-00424-CV

Trial court:               428th District Court, Hays County, Texas

Trial court case number:   18-2100

The clerk's record was filed June 27, 2019. The reporter's record was originally due on July 5, 2019. *See* TEX. R. APP. P. 35.1. On July 8, 2019, this Court ordered the court reporter to file the record within 30 days of the date of the order. When the court reporter failed to file the record as ordered, this court issued a second order on August 9, 2019 ordering the court reporter, Ruby Castilleja, or the substitute court reporter to file the record within 30 days, and instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. On October 22, 2019, we ordered the trial court to conduct a hearing to determine whether a record exists and when it can be filed in this Court. On October 23, 2019, Robin Clark filed an information sheet, stating (1) "no" to the question of whether there is a reporter's record; (2) appellant had not requested a reporter's record; and (3) appellant has not paid or made arrangements to pay for the record. The filing from Robin Clark also included an uncertified audio CD-ROM, purportedly a recording of the underlying proceedings. *See* TEX. FAM. CODE § 201.009(c). On October 29, 2019, we withdrew our October 22, 2019 abatement order, reinstated the appeal, and struck the audio CD-ROM for failing to comply with the appellate rules. *See* TEX. R. APP. P. 13.2, 34.6(a)(2). On October 31, we notified appellant that the court reporter has not filed the record because he failed to request it or he had not paid or made arrangements to pay the reporter's fee to prepare it. We gave appellant a deadline of November 11, 2019 to submit written evidence from the court reporter that he has paid or made arrangements to pay the reporter's fee for preparing the reporter's record.

On October 31, appellant notified this Court that he has attempted to request and pay for the record from an April 9, 2019 hearing. Appellant appeared to have received conflicting information about the record and who is responsible for transcribing a record of the proceedings.

On November 14, 2019, we abated this appeal and ordered the trial court to hold a hearing to (1) determine the reason for failure to file the record; (b) establish a date certain when the reporter's record will be filed; and (c) make whatever additional findings and orders to ensure that the appellate record is timely filed.

On November 18, 2019, court reporter, Frances B. Janezic filed a supplemental reporter's record containing a transcript and exhibits from the April 9, 2019 hearing.

On January 9, 2020, Mallory Rogers, on behalf of Beverly Crumley, the Hays County District Clerk, notified this Court that she was unable to file a supplemental record because the trial court had not set a hearing. On January 29, 2020, appellant filed a response in this Court, asking that we hold the trial court in contempt for failing to follow our November 14, 2019 order, and he requested transcripts from the February 21, 2019 and April 9, 2019 hearings.

Based on the foregoing, we issue the following order of continuing abatement. The appellate record does not appear to be complete. The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. TEX. R. APP. P. 35(c). The appellate court may enter any order necessary to ensure the timely filing of the appellate record. *Id.*

The judge of the 428th District Court is **ordered** to conduct a hearing at which the court reporter or court recorder, appellant's counsel, and appellee's counsel shall participate to

(1)     Determine whether a reporter's record of a February 21, 2019 hearing exists;
(2)     If it exists, determine a date certain when a reporter's record of this hearing will be filed;
(3)     If no record exists of a February 21, 2019 hearing:
    (a)     Determine why there is no record for said hearing;
    (b)     Determine if the record is necessary to this appeal; and
    (c)     Determine if the record can be replaced by agreement of the parties;
(4)     Make whatever additional findings and orders to ensure that the appellate record is timely filed.

*See* TEX. R. APP. P. 34.6(f).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within **25 days** of the date of this order. The court reporter is directed to file the transcript of the hearing within **25 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that

comply with our order are filed with the Clerk of this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so **ORDERED**.


Judge's signature: ___/s/ Sherry Radack_____

☒ Acting individually ☐ Acting for the Court


Date: __August 6, 2020____